UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | ) ) ) | CIV. 10-4110-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF |
| NATIVE AMERICAN TELECOM, LLC, and CROW CREEK SIOUX TRIBAL COURT, | ) ) ) ) | SPRINT COMMUNICATIONS COMPANY'S MOTION TO COMPEL |
| Defendants. | ) ) | |

Defendant Native American Telecom (NAT) moved for a preliminary injunction to enjoin plaintiff, Sprint Communications Company, from withholding interstate switched access charges that NAT has already billed or will bill to Sprint in the future. Before the court's March 3, 2010, hearing on NAT's request for a preliminary injunction, NAT and Sprint conducted limited discovery pertaining to the preliminary injunction motion. NAT refused to answer Sprint's interrogatory number 7. Sprint moved to compel, and NAT resisted Sprint's motion. The court agreed to conduct an in camera review of the documents that NAT would have disclosed to Sprint in response to interrogatory number 7. The court has completed its in camera review. Sprint's motion to compel is granted in part and denied in part.

**DISCUSSION**

In interrogatory number 7, Sprint asked NAT to "[i]dentify all interexchange carriers whom NAT has invoiced under any of its tariffs, including the name of the interexchange carrier, the amounts invoiced, and the payments received, if any." Docket 92 at 2. NAT refused to answer:

> This Interrogatory is objected to as seeking information that is protected by the attorney-client privilege and the work product doctrine. This Interrogatory is further objected to as being overly broad and unduly burdensome. This Interrogatory is further objected to as seeking information that is beyond the permissible scope of discovery and that is not reasonably calculated to lead to the discovery of admissible evidence.

Docket 92 at 2.

The court previously ruled on all of NAT's objections except the confidential financial information objection asserted in NAT's memorandum in opposition to Sprint's motion. *See* Docket 106 at 5-10. NAT contends that the information is confidential financial information because Sprint seeks individual carrier minutes and receivables.

Rule 26 allows a court to fashion how commercial information is revealed in discovery. Fed. R. Civ. P. 26(c)(1)(G). Courts employ a three-part test to determine whether discovery information falls under Rule 26(c)(1)(G). *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991). "First, the party opposing discovery must show that the information is a trade secret or other confidential research, development, or commercial information . . . and that its disclosure would be harmful to the party's interest in the property." *Id.*

(internal quotations omitted). "The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial." *Id.* (citations omitted). Third, "[i]f the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information." *Id.* (citing *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985)). Courts are encouraged to conduct an in camera review of documents that are alleged to contain confidential financial information. *Id.* The court ordered NAT to disclose to the court for an in camera review the documents that would be produced to Sprint in response to interrogatory number 7.

NAT disclosed a four-page document entitled "NAT-Crow Creek Inception thru Current CABs A/R and Payment Summary" (CABs Summary). The CABs Summary states the invoice date, invoiced amount, finance charge amount, payment amount, and balance for all the telecommunication companies that NAT has billed, including Sprint.

NAT has met its initial burden in showing that the information is confidential financial information by asserting that disclosure of the CABs Summary would disrupt the business strategy of Sprint's competitors, place NAT in a potentially detrimental position with other carriers, and allow Sprint to unfairly compete for traffic. But the CABs Summary is highly relevant to the ultimate pending issue of whether the court should grant NAT's preliminary

3

injunction motion, because NAT argues that if the court does not issue the preliminary injunction then NAT will go bankrupt. Thus, NAT has put the state of its finances and potential revenue sources directly at issue. In weighing the need for the evidence and the harm that disclosure could cause to NAT, the need for the evidence outweighs the potential harm because the court can protect NAT from harm with a protective order.

In similar situations involving confidential financial information, courts have ordered the resisting party to produce the documents to the requesting party but, to protect the confidential nature of the documents, courts have issued protective orders. *See, e.g., Glenford Yellow Robe v. Allender*, No. 09-5040-JLV, 2010 WL 1780266, at *7 (D.S.D. Apr. 30, 2010) (issuing a protective order but ordering discovery of confidential financial information in response to a subpoena duces tecum); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, No. 09-C-0916, 2010 WL 3521567, at *2 (E.D. Wis. Sept. 7, 2010) (reasoning that a protective order is the best way to protect a party from prejudice resulting from discovery of a party's confidential financial information); *Ramada Worldwide Inc. v. AB Assocs. Midland Mgmt.*, No. 8:07-CV-1459-T-27EAJ, 2007 WL 3284047, at *1 (M.D. Fla. Nov. 5, 2007) (issuing a protective order for confidential financial information). In fashioning a protective order, courts can designate some material for "attorney's eyes" only. *See, e.g., Kooima v. Zacklift Int'l, Inc.*, 209 F.R.D. 444, 445 (D.S.D. Aug. 20, 2002) (discussing a protective order that required certain documents to be

marked "Confidential-Attorney's Eyes Only."); *Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada*, No. 4:00-CV-1073, 2008 WL 822119, at *1 (E.D. Mo. Mar. 26, 2008) (discussing that certain documents can be designated as "Outside Attorney's Eyes Only" when the documents contain confidential financial information).

Because the information sought by Sprint is relevant and necessary to resolve the pending preliminary injunction motion, NAT is ordered to disclose the documents to Sprint. But given the intimate nature of the documents, the court will issue a protective order on the CABs Summary. The parties should attempt to mutually agree on the terms of a protective order, and if they are unable to agree on such terms, then NAT, as the party resisting disclosure, has the burden to propose the order. Accordingly, it is

ORDERED that plaintiff's motion to compel (Docket 92) is denied in part and granted in part. The parties can propose a joint protective order to the court by **May 31, 2011**. Alternatively, defendant NAT is to propose concise text for a protective order to the court by **June 2, 2011**. Sprint will have until **June 6, 2011**, to respond to NAT's proposed protective order.

Dated May 17, 2011.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE