UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> vs. <br><br> NATIVE AMERICAN TELECOM, LLC., B. J. JONES, in his official capacity as Special Judge of Tribal Court, and CROW CREEK SIOUX TRIBAL COURT; <br><br> Defendants. | 4:10-CV-04110-KES <br><br><br> ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER |

**NATURE AND PROCEDURE OF CASE**

Defendant Native American Telecom, LLC (NAT) moved for an order directing plaintiff, Sprint Communications Company, L.P., to complete a discovery conference pursuant to Fed. R. Civ. P. 26(f) and for this court to issue scheduling order under Fed. R. Civ. P. 16. Docket 201. The motion was referred to the magistrate judge for resolution under 28 U.S.C. § 636(b)(1)(A). Docket 204.[1] The magistrate judge issued an order denying NAT's motion. *See* Docket 208. NAT objects to the magistrate judge's decision. Docket 209.

---

[1] Two other motions were also referred to the magistrate judge, namely Sprint's motion to compel (Docket 183) and Sprint's motion to conduct limited discovery (Docket 199). The magistrate judge denied Sprint's motion to compel but granted Sprint's motion to conduct limited discovery. *See* Docket 208 at 20-21. Because the disposition of those motions was not objected to, those portions of the magistrate judge's order will not be disturbed.

## LEGAL STANDARD

This court's review of a magistrate judge's order is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. A district court may set aside the magistrate judge's order on any pretrial matter if it is shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). This standard affords deference to the magistrate judge, and the order will not be set aside unless the court is "left with the definite and firm conviction that a mistake has been committed." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999) (citing *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996).

## FACTS

This case is now more than four years old. The facts have been well developed, and are more fully set forth in the magistrate judge's order and in the prior rulings from this court. Docket 208 at 2-11; *see also* Dockets 62, 101, 118, and 141.

Briefly stated, the FCC released its *Connect America Fund* final rule on November 29, 2011, which addresses the practice known as "access stimulation" or "traffic pumping." *See Connect America Fund; A National Broadband Plan for Our Future; Establishing Just and Reasonable Rates for Local Exchange Carriers; High-Cost Universal Service Support*, 76 Fed. Reg. 73830 (Nov. 29, 2011). The FCC also created a transitional framework for VoIP intercarrier compensation. *Id.* at 73833. On December 27, 2011, this court issued an order directing the parties to discuss what effect, if any, the FCC's *Connect America Fund* final rule had on the issues

presented in this case. Docket 128. Then, on February 22, 2012, the court issued an order discussing the final rule and determined that it did not apply retroactively. Docket 141 at 9-11 ("Thus, the final rule is inapplicable to the time period before the final rule became effective."). As part of the same order, the court granted Sprint's then-pending motion to stay this proceeding and referred three issues to the FCC for resolution. *Id.* at 25. The court also directed the parties to issue periodic updates describing the status of the FCC proceeding. The court received these updates over the next two years, which documented that the status of the FCC referral remained unchanged since November 2012. *Compare* Docket 154 *with* Docket 163. A telephonic status conference was then held on July 23, 2014, to discuss the limited progress of the FCC proceeding. *See* Docket 164.

    The parties stated that they were engaged in litigation before the South Dakota Public Utilities Commission (SDPUC). Docket 169 at 5. As part of that dispute, the parties engaged in discovery. NAT was ultimately granted a certificate of authority by the SDPUC to provide certain telecommunications services in South Dakota. Based on the SDPUC litigation and action taken by the FCC during the period of the stay, the parties discussed whether some of the disputes in this case remained viable. *Id.* at 8-10. The court proposed entering an order that lifted the stay, withdrew the issues that had been referred to the FCC, and set deadlines for the parties to amend the complaint, counterclaims, and file any motions to dismiss. *Id.* at 12. The court also stated that it would rule on any motions to dismiss based on a statute of limitations defense and that a new referral of issues to the FCC could then be discussed. *Id.* With the parties in agreement, a formal order was issued that same day. *See* Docket 168.

Sprint did not amend its complaint. NAT did, however, amend its counterclaim. Docket 172. Several motions have since been filed. Relevant to this discussion is NAT's motion for a Rule 26(f) discovery conference and Rule 16 scheduling order. Docket 201. This motion was referred to the magistrate judge for resolution. The magistrate judge denied NAT's motion. NAT objected to the magistrate judge's order. Docket 209. Thus, the issue before the court is whether the magistrate judge's denial of NAT's motion was clearly erroneous or contrary to law.

## DISCUSSION

In its motion, NAT contended that "[t]he only claims Sprint has elected to pursue raise issues that have now been addressed by the [*Connect America Fund* final rule] and the [SDPUC] in a contested proceeding." Docket 202 at 3. Although this court determined that the final rule was not retroactive, NAT asserts that it nonetheless "confirmed the validity of the tariff NAT had filed at the time of the FCC's release of the" final rule. *Id.* at 7. And because the SDPUC found in NAT's favor, NAT contends that Sprint can no longer "re-litigate" issues in its unamended complaint that were considered and rejected by the SDPUC. *Id.* at 11. Thus, NAT asserts that the parties should now complete the Rule 26(f) process and that this court should issue a Rule 16 scheduling order.

The magistrate judge noted that granting NAT's request would involve reaching the merits of several dispositive matters pending before this court. Docket 208 at 17. As part of NAT's amended complaint, for example, NAT contends that Sprint is estopped from raising issues that were discussed and litigated in the SDPUC proceeding. Docket 172 at 19-20. And the magistrate judge observed that

4

granting NAT's request to broadly engage in discovery would be inappropriate if this case was again stayed and had issues referred to the FCC for resolution. *Id.* at 18.

NAT's objection to the magistrate judge's order is based on the same grounds it asserted in its motion. For example, NAT reiterates that Sprint has not amended its complaint or requested that any new issues be referred to the FCC. Docket 209 at 2. In NAT's view, "it is now clear that [Sprint's] claims have no merit because of the [final rule] and the findings of the SD PUC." *Id.* at 4. NAT thus requests "at least written and document discovery immediately–unless and until Sprint can identify issues that require a primary jurisdiction referral." *Id.* at 6.

First, the July 2014 status conference contemplated that another referral to the FCC may be appropriate after the parties presented arguments about the effects, if any, that recent developments with the FCC and the SDPUC have had on the present dispute. Docket 169 at 11. At the end of the hearing, the court explained that the parties should reconvene "to discuss what the issues should be for referral" after the court ruled on any motions to dismiss that the parties might file. *Id.* at 13. And while Sprint was given permission to amend its complaint, it was not compelled to do so.

Second, as the magistrate judge found, accepting NAT's characterization of the dispute would require the court to reach the merits of several issues that either have not or cannot yet be determined. For example, NAT recently filed a motion for summary judgment asserting, in part, that Sprint is collaterally estopped from arguing that NAT is a "sham" entity because the SDPUC concluded otherwise. *See* Docket 213 at 11. Until briefing is completed, the court cannot

5

resolve that dispute or similar assertions that NAT has advanced regarding the viability of Sprint's claims. Sprint has likewise filed its own motion for partial summary judgment and a motion to dismiss that must be resolved and that may also affect whether a second referral to the FCC is warranted. Thus, the magistrate judge's decision to deny NAT's motion was not clearly erroneous or contrary to law.

## CONCLUSION

NAT has not shown that the magistrate judge's decision to deny its motion requesting that the parties complete a Rule 26(f) discovery conference and for the court to issue a Rule 16 scheduling order was clearly erroneous or contrary to law. Thus, the objections to the magistrate judge's order are overruled. Accordingly, it is

ORDERED that the objections to the magistrate judge's order (Docket 209) are overruled.

Dated March 19, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE